UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO.2:04-23267-18 |
| ) | |
| **PAUL V. DEGENHART, UNIVERSITY** ) | |
| **CLUB GROUP, INC. and UC** ) | |
| **PROPERTIES, LLC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**FINAL JUDGMENT AS TO DEFENDANT PAUL V. DEGENHART**

The Securities and Exchange Commission having filed a Complaint and Defendant Paul V. Degenhart ("Degenhart") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Degenhart and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Degenhart and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Degenhart is liable for disgorgement of $69,500, representing funds received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,833, for a total of $86,333. Based on Defendant's sworn representations in his Statement of Financial Condition dated December 22, 2005, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $50,000 of the disgorgement and pre-judgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of all but $50,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt

of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

    Defendant Degenhart is ordered to pay the amount ordered above by paying $4,167 to the Receiver in this case within ten (10) days from the date of the entry of this Order by cashier's check, certified check, or postal money order made payable to the Receiver; and identifying Degenhart as a defendant in these proceedings, a copy of which cover letter and money order or check shall be sent to Alex Rue, Senior Trial Counsel, Securities and Exchange Commission, 3475 Lenox Road, N.E., Suite 1000, Atlanta, Georgia 30326-1232.  Subsequently, ninety (90) days after the first payment, Degenhart shall pay the receiver $4,167 in the same manner, and make the same notification to counsel for the Commission.  At each 90 day interval thereafter for a period of two and one-half years (10 quarterly payments), Degenhart shall make payments of at least $4,167 each quarter made payable as noted above, with notice as noted above.  Ninety (90) days after the twelfth and final quarterly payment, Degenhart shall pay the post-judgment interest accrued on the unpaid balance over the period as a balloon payment.  Post judgment interest shall be calculated pursuant to 28 U.S.C. §1961 and shall be paid at the time of the final balloon payment.  If Defendant Degenhart fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under

this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: September 28, 2006

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE